664 So.2d 395 (1995)
In re Edward J. LARVADAIN, Jr.
No. 95-B-2090.
Supreme Court of Louisiana.
December 8, 1995.
Thomas W. Sanders, Lake Charles, John T. Seale, William N. King, New Orleans, for Applicant.
Edward Larvadain, Jr., Christopher J. Roy, Alexandria, for Respondent.

DISCIPLINARY PROCEEDINGS
PER CURIAM[1].
Respondent, Edward J. Larvadain, Jr., was formally charged with three counts of engaging in conduct contrary to the Rules of Professional Conduct. Both the Hearing Committee and the Disciplinary Board found no merit to Counts I and II; and they were correct in this determination. Count III charged respondent with attacking the integrity of Judge W. Ross Foote, Judge Division D, Ninth Judicial District Court, by accusing the Judge of being a racist while cursing him, threatening him, and attempting to intimidate him. The Hearing Committee recommended the charges be dismissed; however, the Disciplinary Board found the charges in Count III warranted discipline. The Disciplinary Board, therefore, recommended respondent be suspended from the practice of law for a period of three months, and that this period be suspended, and respondent placed on unsupervised probation for a period of one year with special conditions. The Disciplinary Counsel, not the respondent, objected to this recommendation.
Upon review of the record of the Disciplinary Board's findings and recommendations, and the record filed herein, it is the decision of the Court that the Disciplinary Board's recommendations be adopted. The evidence shows respondent violated Rules 3.5(a), 3.5(c), 8.2(a), 8.4(a), and 8.4(d) of The Rules of Professional Conduct.
Accordingly, it is ordered that Edward J. Larvadain, Jr. be suspended from the practice of law for a period of three months effective from date of judgment, and that this period of suspension be suspended, conditioned on the respondent's being placed on *396 unsupervised probation for a period of one year with the following conditions:
(1) Respondent shall not violate the Rules of Professional Conduct during the one year period of probation;
(2) He shall pay all costs of these proceedings;
(3) Any violation of the terms of this probation shall be noticed and heard summarily by a panel of the Disciplinary Board in an expedited procedure. The Disciplinary Board shall have the authority to modify the terms of probation, extend the probation, or file a recommendation with the Court that the probation be revoked resulting in imposition of the three month period of active suspension.
CONDITIONAL SUSPENSION ORDERED.
VICTORY, J., dissents. I would suspend respondent for three months and not suspend the suspension.
NOTES
[1] Judge Burrell J. Carter, Court of Appeal, First Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, Jr.

Lemmon, J., not on panel. Rule IV, Part 2, § 3.