977 So.2d 852 (2008)
In re Richard E. LEE.
No. 2007-B-2061.
Supreme Court of Louisiana.
February 26, 2008.
*853 Charles Bennett Plattsmier, Baton Rouge, Robert Samuel Kennedy, Jr., Shreveport, for applicant.
Lemoine & Wampler, Gregory Norman Wampler, Pineville, Richard E. Lee, for respondent.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Richard E. Lee, an attorney licensed to practice law in Louisiana.[1]

UNDERLYING FACTS

Counts I, III, and IV  The Long Matter
Respondent represented Julian E. Long in litigation involving the contested ownership of stock in Long's Preferred Products, Inc., a closely-held family corporation. Julian E. Long v. Linda Long Minton, No. 204,289 on the docket of the 9th Judicial District Court for the Parish of Rapides, Judge B. Dexter Ryland presiding.[2] In April 2004, while the litigation was ongoing, respondent's client's son, Julian W. "Dooksie" Long, gave respondent an unsigned Act of Donation, in draft form, which purported to evidence Linda Long Minton's intent to divest herself of the stock at issue. It was later determined that this document was the work product of Mrs. Minton's counsel and had been taken from her file without her knowledge or consent.[3] According to Dooksie Long, however, the document had appeared in the mail at his office in an unmarked envelope with no return address. Respondent did not ask Dooksie Long for any further explanation of how he had come to gain possession of the unsigned Act of Donation, nor did he return the document to opposing counsel. Rather, respondent took advantage of the unauthorized disclosure by submitting the Act of Donation to Judge Ryland as a "supplemental exhibit" *854 after the trial of the matter was concluded and the evidence closed.
A short time later, Dooksie Long gave respondent a second document, an undated typewritten note which urged Mrs. Minton and her husband to destroy material evidence. The note was signed "Larry," leaving the reader to presume the signature was that of Mrs. Minton's counsel, Alexandria attorney Larry Rivers.[4] Dooksie Long informed respondent that he had found the note folded in a plain envelope which was "stuck in the door" of his office and that he had no idea who had put it there. Once again, respondent did not challenge the highly questionable circumstances under which Dooksie Long had obtained the note, nor did he offer Mr. Rivers the opportunity to explain the note or to challenge its authenticity. Instead, respondent went to see Judge Ryland.[5] During the meeting, which Mr. Rivers did not participate in or know of, respondent advised Judge Ryland of the existence and import of the note, emphasizing that it appeared to implicate Mr. Rivers in an effort to destroy material evidence.
Following this ex parte communication with respondent, Judge Ryland announced in open court on May 11, 2004 that he would recuse himself from further participation in the Long case. Over respondent's vehement objection, Judge Ryland then granted a continuance of the trial date and ordered that another judge be appointed to hear the case. After Judge Ryland left the courtroom, but while others were still present, respondent was heard to remark angrily that "Dexter has no balls, he has no balls at all. That's his problem, he just has no balls."
The ODC alleges that respondent's conduct in Count I (the Act of Donation) constitutes a violation of Rule 4.4 (respect for rights of third persons) of the Rules of Professional Conduct. The ODC alleges that respondent's conduct in Count III (the ex parte communication with Judge Ryland) constitutes a violation of Rules 3.5 (impartiality and decorum of the tribunal) and 8.4(d) (conduct prejudicial to the administration of justice). Finally, the ODC alleges that respondent's conduct in Count IV (the comments made about Judge Ryland) constitutes a violation of Rules 8.2(a) (making a false statement concerning the qualifications or integrity of a judge) and 8.4(d).

Count II  The Greer Matter
Judge Dexter Ryland was the presiding judge in a domestic matter in which respondent represented the plaintiff. Ginger Annette Greer v. William Brand Greer, No. 209,858 on the docket of the 9th Judicial District Court for the Parish of Rapides. In December 2004, Judge Ryland conducted an informal pre-hearing conference with counsel for both parties present, as well as his secretary, law clerk, court reporter, and bailiff. During the conference, defense counsel informed Judge Ryland that he intended to file a motion to recuse him. Judge Ryland reviewed the motion and advised both counsel that he would sign it voluntarily. Respondent became angry with the judge for agreeing to recuse himself and told Judge Ryland that he (the judge) had "little balls and when you get f* * *ing big balls you *855 let me know." After Judge Ryland admonished respondent that "that was enough," respondent replied, "I'll f* * *ing decide when it's enough," and left the conference room.[6]
The ODC alleges that respondent's conduct in Count II constitutes a violation of Rules 8.2(a) and 8.4(d) of the Rules of Professional Conduct.

DISCIPLINARY PROCEEDINGS
In 2006, the ODC filed two counts of formal charges against respondent. Respondent answered the formal charges and generally admitted the factual allegations set forth therein, as well as the rule violations charged. The ODC subsequently amended the formal charges to include Counts III and IV. Respondent answered the amended charges and generally denied as written the factual allegations set forth therein. He also denied that he violated the Rules of Professional Conduct as charged in Counts III and IV. This matter then proceeded to a formal hearing.

Hearing Committee Report
Considering the evidence presented at the hearing and the testimony of the witnesses, the hearing committee made findings of fact and law relating to each count. These findings may be summarized as follows:
Count I (the Act of Donation)  The committee found that by his own admission, respondent improperly forwarded the draft Act of Donation to Judge Ryland after the Long case had been submitted and the evidence closed. The committee rejected respondent's explanation that he made a mistake in this regard and "just wasn't thinking." Rather, the committee concluded "that there was but one reason the additional submission was made: it was an obvious attempt to influence the court's decision in a matter taken under advisement."
Nevertheless, the committee found no violation of Rule 4.4 in connection with this count, as charged in the formal charges, because the Act of Donation did not, on its face, "appear[] to be subject to the attorney-client privilege or otherwise confidential."
Count II (respondent's comments directed to Judge Ryland in the Greer domestic matter)  The committee found respondent acknowledged that he made inappropriate comments to Judge Ryland, his opposing counsel, and court personnel. The committee also noted that respondent apologized to these individuals and is remorseful for his conduct. Based upon respondent's admission and the record evidence, the committee found there is clear and convincing evidence that respondent "repeatedly used obscenities and aggressive, inappropriate behavior in a direct verbal attack on" Judge Ryland and others.
Count III (the ex parte communication with Judge Ryland)  The committee found respondent admitted that he had an ex parte conference with Judge Ryland relative to the "burn the tape" note signed by Larry Rivers. Recognizing that respondent's testimony regarding this conference has been inconsistent, the committee found that whatever version is accepted leads to the conclusion that respondent was seeking to take advantage of the circumstances. *856 The committee observed that respondent could have reported the note to the disciplinary agency or to any other judge of the 9th Judicial District Court. Rather than do so, respondent chose to report it to the judge who was shortly expected to hear a case involving Larry Rivers, and under circumstances where respondent had no intention of advising Mr. Rivers that the ex parte conference had taken place. Considering respondent's over forty years of experience as an attorney (eleven of those as a district judge), the committee concluded respondent should have been aware his actions were improper. Therefore, the committee found that respondent violated Rules 3.5 and 8.4(d) of the Rules of Professional Conduct.
Count IV (the comments made about Judge Ryland at the conclusion of the hearing in the Long case)  Unlike the verbal attacks that respondent admitted he made in Count II, respondent denied making the comments charged in Count IV. However, both the bailiff and Judge Ryland's secretary testified that respondent did make the inappropriate comments after Judge Ryland announced he was recusing himself. The committee found these witnesses were credible and determined that respondent "indeed reacted unprofessionally and aggressively in the courtroom, outside the presence of the judge, but in the presence of the public and counsel, in verbally attacking Judge Ryland for his decision to recuse himself."
Turning to the issue of sanctions, the committee determined that respondent's actions were knowing and that he violated duties owed to the public, the legal system, and the profession. The committee further found that the misconduct caused actual harm by delaying legal proceedings. Based on these findings, the committee determined that the applicable baseline sanction is suspension under the ABA's Standards for Imposing Lawyer Sanctions and the court's prior jurisprudence.
In aggravation, the committee recognized the following factors: a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The committee found that the following mitigating circumstances are present: absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, good character and reputation, and remorse (as to Count II only).
Considering these findings, the committee recommended that respondent be suspended from the practice of law for one year and one day, with all but ninety days deferred, subject to the condition that he attend the Louisiana State Bar Association's Ethics School as well as five hours of continuing legal education in the area of professionalism.
Both respondent and the ODC filed objections to the hearing committee's report and recommendation.

Disciplinary Board Recommendation
The disciplinary board found the hearing committee's factual findings are not manifestly erroneous and adopted same. The board made the following determinations concerning the alleged violations of the Rules of Professional Conduct:
Count I  The board found that respondent's actions did not violate Rule 4.4. It pointed out that respondent received an unsigned Act of Donation from his client; however, the document did not on its face appear to be subject to the attorney-client privilege or confidential. Accordingly, the board recommended that Count I be dismissed.
Count II  The board found that respondent's conduct violated Rules 8.2(a) and 8.4(d). The board explained that respondent, by his own admission in his answer *857 to the formal charges, as well as in his testimony at the hearing, conceded he made inappropriate remarks directed to Judge Ryland and used profanity in responding to the judge. It determined respondent's outburst was an attempt to punish, harass, and ridicule Judge Ryland for his decision to recuse himself from the Greer case in which respondent was counsel.
Count III  The board found that respondent's conduct violated Rules 3.5 and 8.4(d). It found respondent came into possession of a highly inflammatory and suspicious document that urged the opposing party, Linda Long Minton and Larry Minton, to destroy relevant information, a tape recording, pertinent to the case pending before Judge Ryland. The typed document was signed "Larry," which left the reader to presume the signature was that of Larry Rivers, opposing counsel and attorney for the Mintons. Without opposing counsel present, respondent met with Judge Ryland prior to trial and presented the document. Until Judge Ryland announced his recusal in open court on May 11, 2004 (the date of the trial), Mr. Rivers was unaware of a second document pending before the trial court via respondent's ex parte communication with the court.
Count IV  The board found that respondent violated Rules 8.2(a) and 8.4(d) by his use of obscene language regarding Judge Ryland. Court personnel testified to hearing respondent's derogatory comments after Judge Ryland announced his recusal and left the courtroom on May 11, 2004.
With regard to the appropriate sanction for respondent's misconduct, the board determined the applicable baseline sanction is suspension. It accepted the aggravating and mitigating factors identified by the committee, and added the additional aggravating factor of dishonest or selfish motive. Based on its review of the prior jurisprudence of this court, a majority of the board recommended that respondent be suspended from the practice of law for one year and one day, with all but ninety days deferred, subject to the condition that he attend Ethics School and obtain five hours of continuing legal education in the area of professionalism.[7] The board also recommended that respondent be assessed with all costs of these proceedings.
Both respondent and the ODC filed objections to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
As a threshold issue, we note the ODC informed the court at oral argument that it has abandoned Count I of the formal charges. Considering this representation *858 as well as the recommendation of the hearing committee and disciplinary board that this count be dismissed, we will not discuss it further.
With regard to the remaining counts, the record supports the factual findings of the hearing committee. In Counts II and IV, the undisputed evidence establishes that respondent made extremely vile and insulting remarks to the trial court. Likewise, in Count III, the evidence supports the conclusion that respondent engaged in an ex parte communication with Judge Ryland when he discussed the "burn the tape" note with him. Although respondent suggests he made this communication in the good faith belief that he was disclosing another attorney's misconduct, the language of Rule 3.5(b) clearly and broadly prohibits all ex parte communication with a judge during the course of a proceeding. As the committee observed, there were procedures available to respondent for reporting possible misconduct on the part of another attorney.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
The common theme which runs through this proceeding is respondent's lack of respect for the dignity, impartiality, and authority of the district court. A review of our prior jurisprudence indicates that the appropriate baseline sanction for similar misconduct is generally in the range of a suspension of one year or less, all or part of which may be deferred. See In re: Simon, 04-2947 (La.6/29/05), 913 So.2d 816 (attorney suspended for six months, with all but thirty days deferred, for making false statements about judges in a hypothetical attached to an appellate brief); In re: Larvadain, 95-2090 (La.12/8/95), 664 So.2d 395 (attorney suspended for three months, fully deferred, for accusing a judge of being racist while cursing him, threatening him, and attempting to intimidate him); Louisiana State Bar Ass'n v. Karst, 428 So.2d 406 (La.1983) (attorney suspended for one year for accusing a judge of being "dishonest, corrupt and engaging in fraud and misconduct," and for causing his unfounded accusations to be published in the local newspaper).
As aggravating factors, we find a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. In mitigation, we recognize the absence of a prior disciplinary record, respondent's full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, good character and reputation, and remorse.[8]
Considering all these circumstances, we find the appropriate sanction is to suspend respondent from the practice of law for six months, with all but forty-five days deferred, subject to the condition that he *859 attend Ethics School and obtain five additional hours of continuing legal education in the area of professionalism. Any failure of respondent to comply with these conditions may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Richard E. Lee, Louisiana Bar Roll number 7904, be and he hereby is suspended from the practice of law for six months, with all but forty-five days deferred, subject to the conditions set forth in this opinion. Any failure of respondent to comply with these conditions may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Following his admission to the bar in 1964, respondent served as a judge of the Pineville City Court for eight years and of the 9th Judicial District Court for eleven years. Respondent resumed the private practice of law in 1991.
[2] Judge Ryland died in June 2005.
[3] The formal charges filed by the ODC allege that the Act of Donation was "identified as having been prepared by opposing counsel." However, at the hearing in this matter, the deputy disciplinary counsel acknowledged that this allegation is "inaccurate, incorrect and imprecise," and that nothing in the Act of Donation identifies it as having been prepared by counsel. For his part, respondent testified that he in no way believed the document had been prepared by an attorney; according to respondent, he thought "it was prepared by somebody off the internet or out of some form book or something."
[4] In part, the recipient of the note was instructed to "burn that tape today!" The tape referred to was apparently a recording of a meeting of the board of directors of Long's Preferred Products, Inc.
[5] Respondent testified that he went to see Judge Ryland, whom he had known since the 1950's, because he believed he had an ethical duty to report to the "tribunal" potential misconduct by Mr. Rivers  i.e., the destruction of material evidence.
[6] Judge Ryland did not cite respondent for direct contempt or impose any type of sanction upon him in connection with this behavior. However, Judge Ryland's longtime secretary testified at the formal hearing that she did not think Judge Ryland would have ever done that to respondent, because they were lifelong friends and Judge Ryland "liked to get along with everybody."
[7] One board member dissented and would recommend the imposition of a fully deferred three-month suspension, subject to a one-year period of probation with conditions.
[8] Although not technically a mitigating factor, we also recognize that respondent and Judge Ryland had a longstanding friendship, which may have caused respondent to believe he could take a more colloquial tone toward the judge. While this fact in no way excuses respondent's actions, we consider the overall context of respondent's conduct in formulating our sanction.